UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------ x

RAMIN DILFANIAN, :

:

Plaintiff, :

: MEMORANDUM & ORDER

-against- :

: 12-CV-6012 (ENV) (PK)

NEW YORK CITY DEPARTMENT OF :

EDUCATION AND MAUREEN A. GOLDFARB, :

:

Defendants. :

:

:

------------------------------------------------

:

x

VITALIANO, D.J.

Plaintiff Ramin Dilfanian moves for attorney's fees and costs, pursuant to 42 U.S.C.S. § 1988(b) and Fed. R. Civ. P. 54(d). *See* Dkt. No. 89. Before the Court is Magistrate Judge Peggy Kuo's Report and Recommendation (the "R. & R."), recommending an award of $102,742.50 in legal fees and $2,120.80 in costs. *See* Dkt. No. 101. For the reasons that follow, the Court

overrules all but one of plaintiff's objections, adopts the R. & R., as modified, as the opinion of the Court, and grants plaintiff's motion to the extent set forth below.

## Background

On December 5, 2012, plaintiff commenced this discrimination and retaliation action against the New York City Department of Education ("DOE") and New Utrecht High School Principal Maureen A. Goldfarb, pursuant to the Uniformed Services Employment and Reemployment Rights Act.[1] Compl., Dkt. No. 1. The Court granted defendants' summary judgment motion and dismissed the case; the Second Circuit vacated and remanded for further proceedings. *See* Dkt. Nos. 39, 43. On remand, the Court denied defendants' motion for partial summary judgment.

On April 11, 2023, one day into jury selection, the parties informed the Court that they had reached a resolution. *See* Apr. 11, 2023 Minute Entry. On July 12, 2023, subject to a written stipulation between the parties, the Court dismissed the matter with prejudice. *See* Dkt. Nos. 81-83. The parties agreed to let plaintiff subsequently file a motion seeking attorney's fees. See Dkt. Nos. 84-88. Plaintiff's motion for attorney's fees and costs followed, seeking $365,400 for 696 hours of legal work, $2,625 for ten hours of travel, and $4,333.08 in costs. *See* Dkt. Nos. 89-93, 96-97, 100. The Court referred that motion to Judge Kuo for an R. & R. as to her findings, which she issued on February 28, 2025. *See* R. & R. Plaintiff's objections, defendants' opposition, and plaintiff's reply ensued. *See* Dkt. Nos. 102-103, 105. The R. & R. gave standard notice that to be valid, any objection had to be in writing filed within 14 days of the entry of the R. & R. on the docket. R. & R. at 19.

---

[1] "USERRA," 38 U.S.C. § 4311(a).

Legal Standards

In cases like the one brought by Dilfanian, pursuant to 38 U.S.C. § 4323, "the court shall award any such person who prevails in such action … reasonable attorney fees … and other litigation expenses." The determination of an attorney's fees award under 42 U.S.C. § 1988 "is committed to the sound discretion of the district court." *Raja v. Burns*, 43 F.4th 80, 86 (2d Cir. 2022). In the Second Circuit, the "lodestar method" is generally the starting point for this calculation. *See Seitzman v. Sun Life Assurance Co. of Canada, Inc.*, 311 F.3d 477, 487 (2d Cir. 2002). The "lodestar," or the "presumptively reasonable fee," is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The movant bears the burden of establishing "the reasonableness and necessity of hours spent and rates charged." *Finkel v. Omega Comm'n Svcs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008). As for costs, Local Rule 54.1(a) provides that "[w]ithin 30 days after the entry of final judgment, or, in the case of an appeal by any party, within 30 days after the final disposition of the appeal … any party seeking to recover costs must file with the clerk a notice of taxation of costs," unless the Court extends that time window.

In the R. & R. context, the district court's standard of review is governed by whether there is an objection to the R. & R. and, if so, whether it is proper. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359-61 (2d Cir. 2025). If an objection is proper, the district court reviews the corresponding portion of the R. & R. *de novo*. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). If an objection is improper or in the absence of any objection, the district court reviews the relevant section of the R. & R. for clear error. *See Nambiar*, 158 F.4th at 359-61; *GS Holistic, LLC v. New Paradise Inc.*, No. 25-cv-2609, 2025 WL 3654530, at *1 (E.D.N.Y. Dec. 16, 2025). Clear error exists "where, upon a review of the entire record, [the district court] is left with

the definite and firm conviction that a mistake has been committed." *Saveria JFK, Inc. v. Flughafen Wien, AG*, No. 15-cv-6195, 2017 WL 1194656, at *2 (E.D.N.Y. Mar. 30, 2017).

The Second Circuit has clarified the requirements for a proper objection. *See Nambiar*, 158 F.4th at 359-61. "A litigant who has fully and forcefully argued her point in front of the magistrate judge and lost *must* be able to make that argument again to the district judge," the Second Circuit announced, "Otherwise, what value would there be in objecting?" *Id.* at 360-61. At the same time, an objection "may not simply rest on the briefs" that the magistrate judge considered. *Id.* at 361. It must "lodge a specific objection to some specific aspect of the R&R." *Id.* Additionally, new "'case law and/or evidentiary material, which could have, but were not, presented to the magistrate judge in the first instance'" are generally not permitted on objection. *Gov't Emps. Ins. Co. v. Galperin*, No. 23-cv-9241, 2025 WL 909190 (E.D.N.Y. Mar. 26, 2025). Upon its review of the R. & R. under the applicable standard, a district court "may accept, reject, or modify, in whole or in part" the R. & R.'s "findings or recommendations." *See* 28 U.S.C. § 636(b)(1)(C).

## Discussion

### I. Reasonableness of Requested Hourly Rate

Not infrequently a bone of contention, in this instance, plaintiff has not objected to the R. & R.'s disposition regarding the reasonableness of counsel's hourly rate. *See* R. & R. at 5-6.[2] Finding no clear error in this analysis, *see Dafeng Hengwei Textile Co. v. Aceco Indus. & Com. Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014), the Court adopts it with a modification to compensate for the "passage of time," R. & R. at 6, between the filing of the R. & R. and this

[2] Citations to pages of the R. & R. and the parties' briefing refer to the Electronic Case Filing System ("ECF") pagination.

Memorandum & Order. The reasonable hourly rate is updated to $500.08. *See* CPI Inflation Calculator, U.S. Bureau of Labor Statistics, https://www.bls.gov/data/inflation_calculator.htm (last visited August 31, 2026). As updated, the R. & R.'s findings and conclusions on this point are affirmed.

II. Reasonableness of Time Billed

Second Circuit case law instructs district courts to "examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case." *Green v. City of New York*, 403 Fed. App'x 626, 630 (2d Cir. 2010) (cleaned up). If the Court determines that "any expenditure of time was unreasonable," those hours should be excluded. *Id.* To that end, counsel must submit to the Court "contemporaneous time records of the work performed, specifying the date, the hours expended, and the nature of the work done," *Raja*, 43 F.4th at 86-87 (internal citation omitted), with sufficient detail for the Court to "determine the reasonableness of the hours claimed for any given task," *Parrish v. Sollecito*, 80 F. Supp. 2d 145, 171 (S.D.N.Y. 2003).

Certain time entries are subject to fee reductions or compensation at a reduced rate, including those that are too vague or inconsistent, those that are structured as "block billing" (aggregating various billable tasks into one time entry), and those that correspond to unsuccessful claims or motions. *See Raja*, 43 F.4th at 87. Likewise, reimbursement sought for "administrative tasks or work that should have been accomplished by a less-skilled practitioner" warrants "uniform percentage cutbacks." *Cabrera v. Schafer*, No. 12-cv-6323, 2017 WL 9512409, at *3 (E.D.N.Y. Feb. 17, 2017), *R. & R. adopted*, No. 12-cv-6323, 2017 WL 1162183 (E.D.N.Y. Mar. 27, 2017). An across-the-board percentage reduction in hours may be warranted where "excessive, repetitive and otherwise unreasonable hours" are submitted, and "it is not possible [for a court] to parse the

billing records with any definitive accuracy." *Medina v. Donaldson*, No. 10-cv-5922, 2015 WL 77430, at *16 (E.D.N.Y. Jan. 6, 2015).

*A. Hours Worked*

Plaintiff first objects to the R. & R.'s conclusion that he characterized legal precedent in a misleading manner. Obj. at 8-10. He now concedes that he made a "major error" in "erroneously and mistakenly argu[ing]" that the district court had not yet issued an opinion at the time that he relied on the underlying R. & R. in *Doe v. Gonzalez*, No. 21-cv-04580, 2023 WL 5979172, at *9 (E.D.N.Y. Aug. 4, 2023).[3] *See* Reply to Obj. at 10-11. The Court construes this acknowledgment as a withdrawal of the objection and finds no clear error in Judge Kuo's analysis on this point. *See* R. & R. at 15.

Dilfanian reiterates, literally, his contention that his reliance on *Hightower v. Nassau County Sherrif's Department*, 325 F. Supp. 2d 199 (E.D.N.Y. 2004), was neither misleading nor misplaced. *See* Obj. at 9-10; Reply to Obj. at 10. He argues that the district court's subsequent fee reduction there arose from a separate motion for reconsideration and served compliance with the Prison Litigation Reform Act ("PLRA"), which does not apply here. *See id.* *See also* *Hightower v. Nassau Cnty. Sherrif's Dep't*, 343 F. Supp. 2d 191 (E.D.N.Y. 2004). In this litigation posture, Dilfanian's objection does not meet the standard Rule 72(b) requires for a valid objection to the R. & R., *see Nambiar*, 158 F.4th at 359-61, as plaintiff copied and pasted a hefty block quote from and reiterated arguments from his original papers submitted to Judge Kuo on referral of the motion to her, *see* Obj. at 8-9; Reply at 4. With the burden lightened as a consequence, the Court

[3] The district court in *Gonzalez* reduced the fee award, as recommended by the R. & R. *See* R. & R. at 15.

reviews this objection for clear error, and, finding none, adopts the R. & R. in this respect as the opinion of the Court.

Plaintiff next aims the spotlight on the hours billed on the appeal. He sought 62 hours; the R. & R. awarded him 18.6. *See* Dkt. 106 at 2; R. & R. at 13-15. This tussle was driven by the parties' differing views on controlling circuit precedent. Plaintiff cites *Genger v. Genger* for the proposition that "up to 100 hours spent by a legal team working on an appeal may be considered reasonable." No. 14-cb-5683, 2017 WL 9771814 at *6 (S.D.N.Y. May 22, 2017), *R. & R. adopted*, 2017 WL 9771807 (S.D.N.Y. May 30, 2017). The R. & R. disagrees, noting *Genger* held only that "billing above 100 hours is unlikely to be found reasonable absent 'significant case complexity,' not that billing less than 100 hours on appeal is presumptively reasonable." R. & R. at 13-14.

While the R. & R. describes *Genger*'s narrow holding accurately, plaintiff correctly characterizes the law within the circuit. *Genger* notes that up to 100 hours worked on an appeal is generally considered reasonable, and collects cases holding the same. *See Greathouse v. JHS Sec. Inc.*, No. 11-cv-7845, 2017 WL 606507, at *3 (S.D.N.Y. Feb. 15, 2017); *DeCurtis v. Upward Bound Int'l, Inc.*, No. 09-cv-5378, 2013 WL 3270357, at *6 (S.D.N.Y. June 3, 2013); *Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc.*, No. 10-cv-6036, 881 F. Supp. 2d 482, 492 (S.D.N.Y. 2012). Plaintiff's Counsel billed 62 hours for 63 pages of appellate briefing, plus oral argument—fewer hours than other courts in this Circuit (including the *Genger* court) have found reasonable.[4] Beyond the discussion regarding *Genger*'s holding, the R. & R. provides no further explanation as to why the hours billed on appeal are unreasonable. *See* R. & R. at 13-14. Under

[4] The Court in *Genger* ultimately awarded plaintiff 214.25 hours for defending two separate appeals—totaling 107.13 hours per appeal. *Genger*, 2017 WL 9771814 at *7.

*de novo* review, plaintiff's objection to the R. & R.'s reduction of appeal hours is sustained. The Court declines to adopt the R. & R.'s 70% fee reduction solely as applied to the hours billed on appeal, and awards plaintiff the 62 hours requested.

Dilfanian's fifth objection contains four sub-challenges to the R. & R, *see* Obj. at 15-18, and, with one exception, each is sufficiently specific to constitute a proper objection under *Nambiar*, 158 F.4th at 361. Viewed overall as a group, the sub-challenges in Objection 5 deal with the format and methodology of plaintiff's billing. One challenge is to the R. & R.'s position that block billing and "vague and confusing entries" on submitted time sheets "make it impossible to understand the basis for the billing." *See* Obj. at 15; R. & R. at 7-8. Reviewing the R. & R.'s consideration of block billing *de novo*, the Court overrules this challenge, noting that such billing is "generally disfavored" in the Second Circuit, and the amalgamation of tasks without time breakdowns here improperly hinders a court's review. *See Raja*, 43 F.4th at 87. Plaintiff's objection to the R. & R.'s stance that certain time entries were "vague and confusing" is not a valid objection, as he provides only—and ironically—a vague single sentence in support of this point. Obj. at 15. The section of the R. &. R. to which this portion of Objection 5 refers is nonetheless reviewed, but, finding no clear error, the Court overrules this objection, *see Wilson v. Lamana*, No. 21-cv-10714, 2026 WL 282348, at *2 (S.D.N.Y. Feb. 3, 2026), and adopts this portion of the R. & R. as the opinion of the Court.

Plaintiff's next sub-objection takes issue with the R. & R.'s stance on billing for drafting certain filings and does not survive *de novo* review. *See* Obj. at 16-18. Both the objection and Reply brief overlook the R. & R.'s proclamation, "[t]o be clear, I do not consider a per-page rate to be dispositive of the reasonableness of hours billed." R. & R. at 11. It even elaborated that "[a] short, concise document may require more time to draft and edit than a rambling longer document."

*Id.* Further, the USERRA claim was "not so complex as to justify the large number of hours billed." *Id.* The Court's view is wholly in accord with that expressed by Judge Kuo on this point and, accordingly, the R. & R. is adopted on this point as the opinion of the Court.

Plaintiff also defends the eighty-nine hours billed for drafting the Counterstatement to defendants' Rule 56.1 Statement. *See* Obj. at 17-18. To demand a shorter timeline for such tasks, he contends, "would lead to the courts focusing on form and not substance and elevating form over substance in their rulings." *Id.* at 17. Judge Kuo's detailed description of counsel's time entries, which include items such as "'re-reading' Defendants' Memorandum of Law and Rule 56.1 Statement," convinced the Court of their excessive nature. R. & R. at 12, 12 n.6. The objection is overruled and the portion of the R. & R. to which it relates is adopted as the opinion of the Court.[5]

Plaintiff's sixth and final "objection" targets the heart of the R. & R: its recommendation of an "across-the-board" 70% reduction in hours.[6] Obj. at 18-19. The R. & R. framed this as an "alternative" necessitated by the court's inability to "parse Counsel's billing records accurately." R. & R. at 15-16. But, Objection 6 is simply a perfunctory, slap back retort and does not rise to a valid objection, *see Nambiar*, 148 F.4th at 361, as plaintiff presents, at best, a conclusory argument that this percentage reduction is "punitive in nature," Reply to Obj. at 9. Plaintiff essentially only

---

[5] Without valid written objection, the R. & R.'s findings that plaintiff's billing for his brief opposing a pre-motion conference, the instant motion, and an unfiled cross-motion for summary judgement are excessive are reviewed for clear error. Unearthing none, Magistrate Judge Kuo's findings are adopted as the opinion of the Court. *See Dafeng Hangwei Textile Co.*, 54 F. Supp. 3d at 283.

[6] Although plaintiff posits that "[e]ven if the Court felt that a percentage reduction was warranted, a 10-15% reduction, and not a 79% reduction would have been appropriate." Obj. at 18. Setting aside plaintiff's typographical mischaracterization of the R. & R.'s alternative across the board cuts, he provides absolutely no revelatory new facts that would validate his suggested 10-15% cut, which, by all appearance, was drawn out of a top hat.

summarizes four opinions and takes issue with the R. & R.'s citation to case law on default judgment motions. *See* Obj. at 18-19. But as defendants emphasize in opposing this objection, plaintiff largely does not argue that the cases cited in the R. & R. did not support Magistrate Judge Kuo's recommendation. *See* Opp. to Obj. at 27. The Court also overrules all objections that plaintiff abandoned on reply, regarding (1) how Judge Kuo "did not opine on what a reasonable time would have been" for categories of work billed, *see* Obj. at 12-13; (2) "awarding attorney[']s fees based on the amount recovered," *see id.*; (4) inconsistent time entries, *see id.* at 19; and (5) the R. & R.'s conclusion that plaintiff "repeatedly overbilled" for administrative and clerical tasks, *see. id.* at 18. *See Symquest Grp., Inc. v. Canon U.S.A., Inc.*, 186 F. Supp. 3d 257, 269 (E.D.N.Y. 2016).

Reviewing the subject section of the R. & R. for clear error, the Court concludes that, excepting plaintiff's hours billed on appeal, the recommended 70% reduction was well-reasoned and supported by in-circuit precedent.[7] *See, e.g.*, *Brandon v. Kinter*, No. 9:13-cv-00939, 2024 WL 4135715, at *4 (N.D.N.Y. Sept. 10, 2024); *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 661-62 (S.D.N.Y. 2019). As a court in this Circuit counsels, "trial courts need not, and indeed should not, become green-eyeshade accountants" in determining percentage reductions. *Id.* at 661. Guided by the goal "to do rough justice," Judge Kuo assessed an appropriate reduction in hours billed, which the Court adopts over plaintiff's objection. In line with the formula recommended by Judge Kuo in her R. & R., (again, excluding the hours billed on appeal), the Court reduces the remaining 634 non-appeal hours billed by 70%, resulting in 190.2 hours. Adding the 62 appeal hours to this figure, plaintiff is ultimately awarded 252.2 total hours billed. To calculate the

[7] Although clear error review is all that is required, if the Court were to treat plaintiff's objections on this score as valid, the Court's reasoning and result would not change a whit.

"lodestar" the Court multiplies those 252.2 hours by the appropriate hourly rate of $500.08, determined *supra*. *See Millea*, 658 F.3d at 166. Therefore, the Court awards $126,120.18 for attorney's fees. The R. & R. also made a separate recommendation for fees earned in travel time charged in connection with work performed on Dilfanian's case. The topic is addressed in the next section, and results in the award of additional attorney's fees.

*B. Travel Time*

Dilfanian failed to levy a proper objection to the R. & R.'s calculation of travel time attorney's fees. Finding no clear error, the Court affirms the R. & R.'s recommendation to reduce the requested fees associated with travel time by ten percent. *See Dafeng Hengwei Textile Co.*, 54 F. Supp. 3d at 283. *See also* R. & R. at 17. The travel time asserted here is unsubstantiated, if not excessive, *see id.* at 16-17, and the Court declines to consider any new information presented for the first time in a Reply brief, *see Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998). Accordingly, the Court awards attorney travel time fees for nine hours (ninety percent of the ten hours requested) at $250.04 per hour (half of counsel's $500.08 hourly rate[8]), for a total of $2,250.36.

III. Costs

Also in the absence of any objection, the Court reviews the R. & R.'s analysis of costs, *see* R. & R. at 17-18, for clear error, *see Dafeng Hengwei Textile Co.*, 54 F. Supp. 3d at 283. The Court finds this section to be correct, well-reasoned, and free of any clear error. *See id.* The Second Circuit already awarded costs accrued during the appeal; the Court declines to "engage in a separate examination" of those costs, and plaintiff has failed to persuade the Court that it should

[8] *See, e.g.*, *Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 256 (E.D.N.Y. 2020).

award additional costs for printing an appendix on appeal. *See Genger*, 2017 WL 9771814, at *8. *See also* R. & R. at 18; Def. Opp. at 11. Accordingly, the Court awards $2,120.80 in costs.

Conclusion

For the reasons set forth above, the Court, with one exception, overrules plaintiff's objections, adopts Magistrate Judge Kuo's R. & R., as modified, as the opinion of the Court, and grants plaintiff's motion to the extent that plaintiff is awarded $128,370.54 in fees and $2,120.80 in costs.

The Clerk of Court is directed to enter judgment accordingly, and to close this case.

So Ordered.

Dated: Brooklyn, New York

August 31, 2026

*/s/ Eric N. Vitaliano*

ERIC N. VITALIANO

United States District Judge